STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-1437


IRENE MANUEL

VERSUS

REPUBLIC VANGUARD INSURANCE COMPANY, ET AL.


**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2002-6248
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

**********

MARC T. AMY
JUDGE

**********

Court composed of Sylvia R. Cooks, Marc T. Amy, and J. David Painter, Judges.

AFFIRMED.

James Ray Morris
Fraser, Morris & Wheeler
Post Office Box 4886
4350 Nelson Road
Lake Charles, LA   70605
(337) 478-8595
COUNSEL FOR DEFENDANTS/APPELLANTS:
    Republic Vanguard Insurance Company
    F. Drew Hoffpauir, Sr.
    Leland Jackson

Michael S. Koch
Neblett, Beard & Arsenault
Post Office Box 1190
Alexandria, LA   71309-1190
(318) 487-9874
COUNSEL FOR PLAINTIFF/APPELLEE:
    Irene Manuel

**John H. Musser, V**
**Murphy, Rogers & Sloss**
**701 Poydras Street, Suite 400**
**New Orleans, LA   70139**
**(504) 523-0400**
**COUNSEL FOR INTERVENOR/APPELLEE:**
    **Boyd Racing, LLC**

AMY, Judge.

The plaintiff filed suit to recover damages for injuries resulting from a fall at the casino where she was employed. A jury found the plaintiff free from fault in the accident and apportioned fault between the casino and the defendant subcontractors. The defendants appeal and question the determination that the plaintiff was free from fault as well as the jury's apportionment of fault. For the following reasons, we affirm.

## Factual and Procedural Background

The plaintiff, Irene Manuel, was a cashier trainee at Delta Downs Racetrack & Casino at the time of the February 3, 2002 slip and fall at issue. The record establishes that, at the time of the incident, the facility was under construction and not open to the public. F.D. Hoffpauir Construction was contracted to perform certain aspects of the construction, including the installation of carpet. Hoffpauir, in turn, engaged Leland Jackson to install carpeting in the off track betting area.

Ms. Manuel alleged that, at the time of her fall, she had been told to report to the wardrobe department. On her path to that department, the plaintiff crossed an area being carpeted. There, she slipped in carpet glue spread in an area yet to be carpeted. The plaintiff sustained injury which required several surgeries.

The plaintiff filed suit, naming F.D. Hoffpauir Construction, F.D. Hoffpauir, Sr., d/b/a F.D. Hoffpauir Construction, Leland Jackson, and Republic Vanguard Insurance Company as defendants. Delta Downs intervened, seeking recovery of workers' compensation benefits provided to the plaintiff.

A jury found Leland Jackson, individually and through his employees, F.D. Hoffpauir Construction, through the actions of its employees, and Delta Downs at fault in the incident. The jury found the plaintiff free from fault. The jury

apportioned five percent of the fault to Leland Jackson, eighty percent to Hoffpauir, and fifteen percent to Delta Downs. It awarded past and future medical expenses, general damages, past lost wages, and loss of future wages.

Leland Jackson, F.D. Hoffpauir Construction, and Republic Vanguard (hereinafter "the defendants") filed a motion for judgment notwithstanding the verdict and/or new trial. The trial court denied the motion. The defendants now appeal and assign the following as error:

> 1. The jury was manifestly erroneous, or clearly wrong when it found plaintiff free of fault;
>
> 2. The jury was manifestly erroneous, or clearly wrong when it found Delta Down only 15% at fault; and
>
> 3. The jury was manifestly erroneous, or clearly wrong in finding defendants at fault.

## Discussion

*Fault - Plaintiff*

The defendants first assert that the jury was manifestly erroneous in its determination that the plaintiff was free from fault in causing the accident. Rather, they contend that the plaintiff was negligent in failing to see the carpet glue spread on the floor and in not avoiding the fall. They point to witness testimony indicating that the plaintiff was told to avoid the area and chose not to do so and/or that she crossed the floor despite knowledge of the glue's presence.

The plaintiff's fault is considered pursuant to La.Civ.Code art. 2323.[1] As the

---

[1] Article 2323 provides, in pertinent part:

> A. In any action for damages where a person suffers injury, death, or loss, the degree or percentage of fault of all persons causing or contributing to the injury, death, or loss shall be determined, regardless of whether the person is a party to the action or a nonparty, and regardless of the party's insolvency, ability to pay, immunity by statute, including but not limited to the provisions of R.S. 23:1032, or that the other person's identity is not known or reasonably ascertainable. If a person

2

allegation is one of negligence arising under La.Civ.Code art. 2315,[2] the plaintiff's alleged fault is analyzed pursuant to the duty-risk analysis, which requires proof that: (1) the conduct in question was a cause-in-fact of the resulting harm; (2) a duty of care was owed to this plaintiff; (3) the requisite duty was breached by the defendant; and (4) the risk of harm was within the scope of protection afforded by the duty breached. *Mart v. Hill*, 505 So.2d 1120 (La.1987).

Review of the record indicates that the jury was not manifestly erroneous in finding the plaintiff free from fault. As explained by the plaintiff, she was new to the facility and had traversed the area in question approximately an hour earlier without incident. The plaintiff testified that, when told to report to the wardrobe department, she did so by the route she was directed and that she could not recall any warning signs indicating that glue had been spread on the floor. There is no further evidence that she was aware of the hazard presented by the glue. She denied that she was warned not to cross the floor, despite the presence of numerous workers in the area. The plaintiff testified that she was walking carefully. Certainly, the jury could have accepted the plaintiff's version of events, finding her testimony credible. Similarly, it could have rejected the testimony of Brenda Ellender, a Delta Downs security guard, who testified by deposition that she had previously advised the plaintiff to not enter the area. We do not disturb this type of credibility determination as it rests with

suffers injury, death, or loss as the result partly of his own negligence and partly as a result of the fault of another person or persons, the amount of damages recoverable shall be reduced in proportion to the degree or percentage of negligence attributable to the person suffering the injury, death, or loss.

    B.    The provisions of Paragraph A shall apply to any claim for recovery of damages for injury, death, or loss asserted under any law or legal doctrine or theory of liability, regardless of the basis of liability.

[2] Article 2315(A) provides that "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."

3

the trier of fact.

Significantly, the jury viewed a surveillance tape of the incident and was able to see the plaintiff freely walk to the construction site. The jury was aware that several workers were in the area as she did so. As the trial court observed at the hearing on the motion for JNOV, this video tape allowed the jury "to analyze the plaintiff's actions specifically from a clear objective presentation of what occurred."

In light of this evidence, we find no manifest error in the determination that the plaintiff was not at fault in the accident.

*Apportionment of Fault*

The defendants' final two assignments of error relate to the jury's determination that they were at fault and the corresponding determination that Delta Downs was at fault, but to a lesser extent. The defendants point out that Mr. Hoffpauir testified that, on the evening prior to the plaintiff's accident, he voiced his concern regarding foot traffic through the area to Delta Downs personnel. Given the hazards of the site, the defendants contend that Delta Downs security guards were either in place or should have been in place to prevent entry into the area. Despite this presence, the plaintiff was apparently able to access the site. The defendants argue that this apparent breach of the duty owed by Delta Downs indicates either that they owed no further duty to take precautionary measures or that they should have been assessed with a lesser degree of fault.

In *Watson v. State Farm Fire and Casualty Insurance Company*, 469 So.2d 967 (La.1985), the supreme court explained that, in assessing percentages of fault, a trier of fact must consider the nature of the conduct of the parties at fault as well as the causal relation between the conduct and the damages claimed. Various factors may

be considered in assessing the degree of fault, including:

> (1) whether the conduct resulted from inadvertence or involved an awareness of the danger, (2) how great a risk was created by the conduct, (3) the significance of what was sought by the conduct, (4) the capacities of the actor, whether superior or inferior, and (5) any extenuating circumstances which might require the actor to proceed in haste, without proper thought.

*Id.* at 974.

It is unclear whether the jury's determination that Delta Downs was at fault was due to a determination either that it did not have a satisfactory security presence in the area or that it failed to more fully establish the safety measures required of the contractors and subcontractors. In any event, the jury assigned it a lesser percentage of fault than the defendants, who were apportioned eighty-five percent of the fault collectively. We find no manifest error either in the jury's determination that the defendants breached a duty owed or that they bore a greater share of the fault in causing the accident.

The jury was aware that the defendants were actively working in the construction area, were responsible for placing the glue on the floor, and were working in the immediate area. The evidence permitted the jury to conclude that, of the involved parties, the defendants had the greatest knowledge as to their activities and the risks associated with the exposed glue and were in a superior position to safeguard against the hazard. This view was reflected in the testimony of Dr. Gary Nelson, an expert in safety engineering, safety management, and human factors engineering. Dr. Nelson opined that, as the craftsmen responsible for the project, the defendants were the parties with the superior knowledge of the hazards associated with their work and, therefore, were in a position to safeguard against those hazards, whether by warning tape or otherwise.

5

Although the defendants argue that Delta Downs provided inadequate security, this does not negate the defendants own duty to secure the area by available measures such as signs, warning tape, or barriers. In fact, evidence indicated that the defendants were aware that a security guard had fallen in the glue prior to the plaintiff's accident, yet there was no indication that the defendants took additional precautions on their own. Further, the jury could have concluded that the various workers revealed on the surveillance video were in a position to warn the plaintiff as she approached, yet they failed to do so.

This evidence supports the jury's determination and does not reveal manifest error in either its finding of fault on the part of the defendants or in its assessment of a lesser percentage of fault to Delta Downs.

These assignments lack merit.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this proceeding are assessed to the appellants, Republic Vanguard Insurance Company, F.D. Hoffpauir, Sr., d/b/a F.D. Hoffpauir Construction, and Leland Jackson.

**AFFIRMED.**